In re Edward J. SCIABA, Jr., Debtor.

Lynne F. Riley, Chapter
7 Trustee, Plaintiff,

v.

Edward J. Sciaba, Jr., et
al., Defendants.

Bankruptcy No. 03–20569–RS.
Adversary No. 04–1088.

United States Bankruptcy Court,
D. Massachusetts.

Jan. 27, 2005.

John F. Cullen, Esq., Charlestown, MA, for himself and Edward A. Sciaba, Jr.

Michael L. Altman, Esq., for Plaintiff.

### MEMORANDUM OF DECISION ON TRUSTEE'S MOTION TO COMPEL AND FOR SANCTIONS

ROBERT SOMMA, Bankruptcy Judge.

This matter is before the Court on the motion of the Trustee, as plaintiff in the within adversary proceeding, to compel Edward J. Sciaba, Jr., a defendant in said proceeding, to comply with the Court's discovery order and for sanctions against Mr. Sciaba. By the time of the hearing on this motion, the Debtor had belatedly complied with the discovery order, leaving only the request for sanctions for adjudication. For the reasons set forth below, the Court will award sanctions in the amount of $2,000, half to be paid by Mr. Sciaba and half to be paid by his counsel, John F. Cullen.

### Background

On March 17, 2004, the Trustee commenced an adversary proceeding against various defendants, including Mr. Sciaba. The complaint seeks to recover three allegedly fraudulent transfers. On May 12, 2004, in the ordinary course of the litigation, the Court entered an Order Regarding Discovery requiring the parties "to engage in discovery in accordance with FED. R. CIV. P. 26 (as made applicable by FED. R. BANKR. P. 7026) including making the automatic initial disclosures required therein" ("Discovery Order"). In furtherance and implementation of their compliance with the Discovery Order, on August 30, 2004, the parties filed with the Court a Joint Report of Rule 7026(f) Conference, proposing and binding themselves to a discovery schedule requiring, *inter alia*, that "[the] initial mandatory disclosures under Rule 26(a)(1) will be made on or before September 30, 2004."

Mr. Sciaba failed to make these disclosures on or before September 30, 2004. The Trustee's counsel contacted Mr. Sciaba's counsel, John F. Cullen, by letter dated October 14, 2004 regarding this failure of disclosure, occasioning no response. Thereafter, on November 3, 2004, the Trustee filed a motion seeking to compel the disclosure and for sanctions against Mr. Sciaba on account of the Trustee's having to resort to the Court's intervention ("Sanctions Motion"). On November 18, 2004, with no communications yet forthcoming from Mr. Sciaba or his counsel, Mr. Sciaba made the requisite disclosures, forty-nine days after the original deadline.

On November 19, 2004, Mr. Sciaba filed his opposition to the Sanctions Motion ("Sanctions Opposition"), and on January 20, 2005, the Court held a hearing on the Sanctions Motion and the Sanctions Oppo-

sition. At the hearing, the Trustee proffered that the Trustee had incurred legal fees and costs as a result of Mr. Sciaba's noncompliance, including fees for filing and prosecuting the Sanctions Motion, in the amount of $2,700.

### Jurisdiction

The Court has core jurisdiction over the adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b), and hence over matters relating to administration of that proceeding. More particularly, FED. R. CIV. P. 37 applies in the adversary proceeding. FED. R. BANKR. P. 7037.

### Discussion

Rule 37 provides two separately applicable approaches to the matter of sanctions for nondisclosure in the circumstances herein. First, where a party moves to compel disclosure and either (a) the motion is granted or (b) the disclosure is made *after* the motion is filed but *before* the court rules thereon, sanctions (in the form of reasonable expenses, including attorney's fees) are to be imposed on either the nondisclosing party or its counsel or both, subject to certain exceptions that are not here applicable ("Failure to Disclose"). FED. R. CIV. P. 37(a)(2) and (a)(4)(A). Second, where a party fails to obey a discovery order under Rule 26, comparable sanctions are to be imposed on the nondisclosing party or its counsel or both, subject to certain exceptions that are also not here applicable ("Failure to Comply"). FED. R. CIV. P. 37(b)(2).

Mr. Sciaba does not contend that he made timely disclosure under the Discovery Order. Rather, he opposes the Sanctions Motion on three separate grounds: first, that the nondisclosure occurred well before trial; second, that the disclosure was ultimately made without harm to the Trustee; and third, that the administration of the adversary proceeding for Mr. Sciaba (including discovery) has been rendered exceedingly difficult, despite the good faith efforts of Mr. Sciaba and his counsel, a solo practitioner with limited resources, by the pendency of four other such proceedings in this case, all in varying stages of discovery. In each such argument, Mr. Sciaba misses the point of the Sanctions Motion and its underlying rationale, providing no mitigating considerations—or at least none that are persuasive—in connection with his failure to make timely disclosure.

#### a. *Failure to Disclose*

Under this approach, sanctions that might otherwise be imposed may be withheld if (a) the moving party fails to make a good faith effort to obtain the disclosure without court intervention, (b) the nondisclosure was substantially justified, or (c) other circumstances make sanctions unjust. FED. R. CIV. P. 37(a)(4)(A). This approach is intended to facilitate resolution of contested discovery by mandating cooperation among the parties and well-founded bases for resistance as a prerequisite to court intervention, with appropriate penalties for an unwarranted failure to disclose.

In this instance, the Trustee made the good faith effort by his October 14th communication, which prompted no response from Mr. Sciaba. Moreover, Mr. Sciaba advances no justification, substantial or otherwise, for nondisclosure; indeed, he made the disclosure rather than contend it need not have been made. Thus, Mr. Sciaba is left only the rubric of "other circumstances" as a justification for the 49-day delay. Of the three "circumstances" he offers—*i.e.*, the three defenses enumerated above—none withstand analysis.

The second of Mr. Sciaba's defenses, that the Trustee suffered no harm, is simply incorrect: the Trustee (and hence the

estate) suffered the expense of the Sanctions Motion, to wit, the cost of its preparation and prosecution, which prosecution, after all, did result in Mr. Sciaba's compliance. The first and third of Mr. Sciaba's defenses—that the delay in disclosure was occurring well before trial, and that Mr. Sciaba's counsel was overburdened by his defense of other actions against Mr. Sciaba—may well have served as a basis for the parties or the Court to afford Mr. Sciaba additional time to comply, had he chosen to ask. However, that is not the choice Mr. Sciaba and his counsel made. Rather, they engaged in a form of unilateral relief-granting, failing to comply with the Discovery Order and failing to respond to the October 14th inquiry. These circumstances are hardly cause for determining that the sanctions award would be unjust.

### b. *Failure to Comply*

■ Under this approach, which is comparable to the Failure to Disclose approach, sanctions otherwise to be imposed may be withheld where (a) the nondisclosure was substantially justified or (b) other circumstances make sanctions unjust. This approach is intended to ensure compliance with court orders and to impose appropriate penalties for an unwarranted failure to comply.

Here again, Mr. Sciaba advances no justification, substantial or otherwise, for his noncompliance with the Discovery Order—indeed, how could he do so, having participated in the schedule design and having committed himself to compliance therewith? Again, Mr. Sciaba must fall back on an "other circumstances" defense, with the same outcome as before: the expense of the Sanctions Motion harmed the Trustee and the estate to the extent of the above-noted legal costs, and, while trial down the road and the burdens of representation in a litigious Chapter 7 proceeding may serve as a basis to relax an otherwise stringent discovery schedule, such deferral may not be unilaterally invoked. Here, Mr. Sciaba had to ask the Court for such deferral, not avail himself of it first and defend his noncompliance later.

### *Conclusion*

■ Faced with a disclosure schedule neither he nor his counsel could apparently meet—one directed by Court order and fashioned by the parties—Mr. Sciaba had three choices: seek relief on a consensual basis from his opposition, seek relief from the Court, or do nothing. He and his counsel chose the latter. For that blatant disregard of their obligations to the parties and to the Court, both must pay the price of reasonable expenses, which the Court finds to be $2,000, to be paid in equal $1,000 measures by Mr. Sciaba and his counsel. The Court will enter a separate order imposing the foregoing sanctions.